IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.R., <br><br> Plaintiff, <br><br> v. <br><br> CONGRESS HOTEL OF ATLANTA, LLC d/b/a CONGRESS HOTEL & SUITES, and JOHN DOES 1-5, <br><br> Defendants. | Civil Action No. <br> 1:24-cv-05193-SDG |

**<u>DEFENDANT CONGRESS HOTEL OF ATLANTA, LLC d/b/a CONGRESS HOTEL & SUITES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>**

COMES NOW Defendant Congress Hotel of Atlanta, LLC d/b/a Congress Hotel & Suites ("CHA") and, pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint, showing this Honorable Court as follows:

**<u>INTRODUCTION</u>**

Plaintiff's Response to Defendants' Motion to Dismiss (Plaintiff's "Response") fails to overcome the deficiencies of the Complaint. In fact, Plaintiff's efforts to salvage her 18 U.S.C. § 1595(a) ("TVPRA") claim rely entirely on a fundamental misunderstanding of the binding precedent identifying the allegations necessary to plausibly allege entitlement to monetary damages under the TVPRA. Specifically, Plaintiff's Response repeatedly conflates the "knowledge" element of

the inquiry with the "participation" element and attempts to impose an affirmative duty to prevent sex trafficking upon CHA. In doing so, Plaintiff relies on conclusory allegations and mischaracterizes the relevant legal standards. Even still, Plaintiff's Response fails to demonstrate that her Complaint plausibly alleges that CHA participated in a venture with her traffickers.

Furthermore, Plaintiff's Response does not demonstrate that she has plausibly alleged her nuisance claim under any of the asserted bases.

For these reasons, set forth more fully below, CHA respectfully requests that this Court issue an ORDER granting its Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard

Considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Taylor v. Board of Regents of University System of Georgia*, 2022 WL 4857906, *3 (N.D. Ga. Oct. 3, 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive dismissal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A plaintiff must allege sufficient facts that, accepted as true, "state a claim to relief that is plausible on its face." *Id.* In deciding CHA's Motion, this Court must "eliminate any

allegations in the pleading that are merely legal conclusions". *D.H. v. Tucker Inn Inc.*, 689 F. Supp. 3d 1304, 1308 (N.D. Ga. 2023) (citing *Iqbal*, 556 U.S. at 679).

Here, Plaintiff has offered no well-pled allegations that CHA participated in a venture with her traffickers. As such, Plaintiff has failed to plausibly allege an essential element of her TVPRA claim and it must be dismissed for failure to state a claim.

### B. Plaintiff's Complaint contains no well-pled allegations that CHA participated in a venture with her traffickers.

To adequately plead a beneficiary liability claim under the TVPRA, a plaintiff must plausibly allege that the defendant "(1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021). Plaintiff's Response fails to recognize that the "knowledge" and "participation" elements of a TVPRA claim are distinct inquiries. *Red Roof Inns, Inc.*, 21 F. 4th at 727 ("observing something is not the same as participating in it."). As this Court has previously recognized, the participation prong of the TVPRA analysis requires plaintiffs to "(i) show at least some connection between the hotel operator's and the trafficker's actions (the *common* venture) and (ii) identify what

actions the operator took to advance the object of the joint undertaking (*participation in the common venture*)." *G.W. v. Northbrook Indus., Inc.*, 739 F. Supp. 3d 1243, 1249 (N.D. Ga. 2024) (emphasis original), reconsideration denied sub nom. *G.W., Plaintiff, v. NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES, Defendant.*, No. 1:20-CV-05232-JPB, 2025 WL 494620 (N.D. Ga. Feb. 13, 2025).

Furthermore, the Eleventh Circuit explicitly held that alleging a hotel operator "continued to engage in a hotel business relationship with and collect room rental revenue" from a plaintiff's trafficker despite actual or constructive knowledge of the trafficking is insufficient to plausibly allege a common venture between the hotel and trafficker. *K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *3 (11th Cir. Feb. 9, 2024)[1]; *see C.B. v. Naseeb Invs., Inc.*, No. 1:20-CV-04213-AT, 2024 WL 4868273, at *15 (N.D. Ga. Sept. 12, 2024) (granting summary judgment to hotel operator finding no issue of fact existed as to whether the hotel operator participated in a venture with plaintiff's trafficker because it took no action to support or facilitate the trafficker's activities beyond renting him a room).

Despite Plaintiff's efforts to supplant the Eleventh Circuit's interpretation of the TVPRA, the fact remains that her Complaint does not plausibly allege

---

[1] Although the *Riti* opinion is unpublished, and "Eleventh Circuit Rule 36-2 provides that while unpublished opinions are not considered binding precedent," the district court may still treat such opinions as persuasive authority. *United States v. Riley*, 706 F. App'x 956, 963 (11th Cir. 2017).

4

participation in a venture under current decisional authority. First, Plaintiff argues that operating a hotel and renting rooms to traffickers constitutes participation in trafficking. Doc. 14 at 12. This is not so. The Eleventh Circuit expressly held that collecting room rental fees from traffickers does not create a common venture between a hotel and sex trafficker. *Red Roof Inns, Inc.*, 21 F. 4th at 726-727; *see K.H.*, 2024 WL 505063, at *3 (explaining that this rationale applies not only to franchisors but also hotel operators because the *Red Roof Inns, Inc.* complaint alleged that the franchisor controlled the operation of the hotel). Therefore, the allegation that CHA rented a room to Plaintiff's traffickers—regardless of actual or constructive knowledge—does not plausibly allege participation in a common venture in and of itself. Furthermore, Plaintiff's reliance on *United States v. Bhimani*, 492 F. Supp. 3d 376 (M.D. Pa. 2020) is misplaced. Even to the extent *Bhimani* can be considered persuasive authority despite being a criminal (perpetrator) case, the factual dissimilarities between it and this case demonstrate that *Bhimani* does not support Plaintiff's position.[2] Namely, the evidence in *Bhimani* shows that hotel employees undertook numerous efforts to facilitate trafficking at the hotel including: (1) giving traffickers room discounts; (2) allowing trafficking victims to occupy rooms without paying until they earned proceeds from commercial sex; (3) reserving

---

[2] CHA notes that the portions of the *Bhimani* decision upon which Plaintiff relies relate to establishing vicarious liability/agency, not any substantive application of the TVPRA.

specific rooms to be rented exclusively to traffickers; (4) telling trafficking victims to be careful; and (5) paying to have sex with the victims. *United States v. Bhimani*, No. CR 3:17-324, 2021 WL 5179196, at *4 and *9 (M.D. Pa. Nov. 8, 2021). Here, Plaintiff does not allege that CHA made any such efforts to facilitate her trafficking or otherwise aid her traffickers.

As previously argued in CHA's Motion, the Complaint merely alleges that CHA provided her traffickers with the same services any hotel would be expected to provide to its guests (i.e., acquiescing to room relocation requests, providing housekeeping services in accordance with guests' preference, providing towels to guests, and emptying guest room trashcans). *See* Doc. 1 at ¶¶ 7, 15, 16, and 17. In other words, the Complaint merely alleges that CHA independently operated its hotel business while Plaintiff's traffickers independently operated their criminal trafficking scheme. Ultimately, Plaintiff relies on the following allegations to establish that CHA participated in her trafficking:

> (1) the hotel staff moved A.R.'s two adult male traffickers to a room in the hotel that was chosen specifically to evade the surveillance cameras; (2) the hotel saw and permitted, over a short period of time, approximately 12-15 different men to visit A.R.'s room, rape her, and leave, while the traffickers waited outside the room door; and (3) the hotel staff entered A.R.'s room and personally observed the 14-year-old in her bra and panties with the two adult traffickers who were openly displaying an assault style gun and the staff provided the teenager with extra towels to clean between the men coming to the room and removed the used condoms from the room.

6

Doc. 14 at 19.[3]

As previously mentioned, CHA's acquiescence to the trafficker's requests for alternate rooms cannot be considered participation in her trafficking because accommodating such requests from guests is part and parcel to operating a hotel. Moreover, Plaintiff has not alleged that her traffickers informed CHA that they wanted a different room because they intended to traffic Plaintiff. In fact, the Complaint does not even allege that the traffickers informed CHA that they were seeking a secluded room outside the view of surveillance cameras. However, even to the extent the Complaint could be construed as alleging that the traffickers informed CHA of their desire to rent a "secluded" room, CHA's provision of such a room does not amount to participation in Plaintiff's trafficking. Plaintiff does not allege any facts demonstrating that CHA had any reason to suspect her traffickers were renting the room for the purpose of trafficking Plaintiff at that time. Instead, all of the factual allegations concerning CHA's purported knowledge of Plaintiff's trafficking occurred after the room was already rented. The second and third allegations upon which Plaintiff relies merely allege that CHA had an opportunity to observe her trafficking and did nothing to intervene. Doc. 14 at 19. Such allegations do nothing to establish participation in a venture.

---

[3] Plaintiff's recitation of these allegations adds facts and alters the allegations from their original form. CHA will only address the allegations as set forth in the Complaint.

Additionally, Plaintiff's reliance on *D.H. v. Tucker Inn Inc.*, 689 F. Supp. 3d 1304 (N.D. Ga. 2023) fails to recognize the current state of the law on this issue. *D.H.* was decided prior to *Riti* and does not properly apply the *Red Roof Inns, Inc.* holding in light of the additional guidance *Riti* provides. In deciding *D.H.*, the Honorable J.P. Boulee relied—at least in part—on a pre-*Red Roof Inns, Inc.* decision finding allegations that a hotel operator rented rooms to known sex traffickers sufficient to allege participation in a common venture. *D.H.*, 689 F. Supp. 3d at 1310. As explained above, however, *Riti* later clarified that such allegations do not suffice. *K.H.*, 2024 WL 505063, at *3. Indeed, the Honorable J.P. Boulee has since altered his application of *Red Roof Inns, Inc.* in conformity with *Riti's* guidance as it relates to the participation element. *G.W.*, 739 F. Supp. 3d at 1249. As such, this Court should not rely upon *D.H.* in deciding CHA's Motion.[4]

Similarly, Plaintiff's attempt to dismiss *Red Roof Inns, Inc.'s* holding because she did not describe the relevant venture as a "sex trafficking venture" is without merit. Doc. 14 at 15-16. Plaintiff argues that the participation element of her TVPRA claim is satisfied simply because she alleges that CHA engaged in a hotel venture

---

[4] Similarly, Plaintiff cannot rely on *A.G. v. Northbrook Indus., Inc.*, No. 1:20-CV-05231-JPB, 2022 WL 1644921, at *1 (N.D. Ga. May 24, 2022) or *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2022 WL 1644923, at *1 (N.D. Ga. May 24, 2022) because the plaintiffs in both cases alleged that hotel employees acted as lookouts for their traffickers. *See G.W.*, 739 F. Supp. 3d at n. 5 (explaining that the court's denial of the motion to dismiss was predicated on the allegation that hotel staff acted as lookouts for the traffickers).

with constructive knowledge of trafficking at the Property. *Id.* at 16. However, the Eleventh Circuit concluded the phrase "participation in a venture" "requires that the [plaintiff] allege that the [defendant] took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof Inns, Inc.*, 21 F. 4th at 725. This definition of "participation in a venture" necessarily implies an association between the traffickers and a beneficiary by using the phrase "*common* undertaking or enterprise." *Id.* (emphasis added). In this context, the Eleventh Circuit undoubtedly meant for "common" to mean "belonging to or shared by two or more individuals or things or by all members of a group." *See Common*, MERRIAM-WEBSTER DICTIONARY (11th ed. 2003). As such, the Eleventh Circuit's formulation of the TVPRA beneficiary liability analysis requires that the beneficiary engage in an undertaking with the trafficker(s). Yet, Plaintiff appears to argue that *Red Roof Inns, Inc.'s* holding is specifically cabined to cases in which the alleged venture is, in fact, a sex trafficking venture. Doc. 14 at 16. This argument fails to recognize that regardless of the nature of the alleged venture in *Red Roof Inns, Inc.*, its holding still requires a common undertaking between the trafficker and beneficiary. Here, there is no well-pled factual allegation that CHA shared a common undertaking with Plaintiff's traffickers. Furthermore, adopting Plaintiff's definition of participating in a venture would produce an absurd result. This Court aptly recognized as much in deciding *G.W.*:

9

> Additionally, the Court is not convinced that the participation prong can be viewed in isolation and disconnected from the other prongs of the test, as Plaintiff appears to propose. Citing [*Red Roof Inns, Inc.*], Plaintiff argues that all she needs to show is that [the defendant] took part in a common undertaking or enterprise involving risk and potential profit. The implications are that the venture need not involve the trafficker and that simply running a hotel business (i.e., taking part in a commercial enterprise for profit) satisfies the participation prong.
>
> But if that were true, the participation requirement would automatically be satisfied any time the defendant is a hotel operator or other commercial entity, irrespective of whether the entity had any involvement in the plaintiff's trafficking. That cannot be what the Eleventh Circuit intended. To the contrary, the Eleventh Circuit's opinions establish that the plaintiff must connect the dots between the defendant's and the trafficker's actions and show how the defendant participated in the venture with the traffickers.

*G.W.*, 739 F. Supp. 3d at 1251.

Clearly, Plaintiff has not satisfied the participation element of her claim by simply alleging that CHA engaged in a hotel venture. In sum, Plaintiff's Response fails to identify any factual allegations in the Complaint to plausibly allege that CHA participated in a venture with her traffickers.

### C. Plaintiff's *Modus Operandi* arguments are meritless and irrelevant.

Plaintiff's contorted and confused application of character evidence law does not affect any substantive aspect of the TVPRA analysis. Rule 404(b)(2) allows for the introduction of evidence of other crimes, wrongs, or acts when being used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2); *see United States v.*

*Acevedo*, 860 Fed. Appx. 604, 606 (11th Cir. 2021) (referring to certain permitted uses of character evidence as *modus operandi* evidence). Plaintiff argues that the declarations attached to her Complaint provide *modus operandi* evidence allowing this Court to infer that CHA participated in Plaintiff's trafficking. Doc. 14 at 8-10. This argument is meritless. As an initial matter, the only consideration on CHA's Motion is whether Plaintiff has plausibly alleged her claims. As such, there is no need for this Court to make evidentiary findings at this stage. In any event, Plaintiff is attempting to use character evidence for the impermissible purpose of establishing CHA's supposed propensity to participate in sex trafficking. This is expressly prohibited by Rule 404(b)(1): "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Contrary to Plaintiff's assertion, the Federal Rules of Evidence expressly and specifically prohibit drawing the inference that CHA participated in Plaintiff's trafficking based on the claim that it previously participated in some other unidentified person's trafficking. Indeed, the cases Plaintiff relies upon merely permitted the introduction of *modus operandi* evidence for one or more of the uses allowed by Rule 404(b)(2). *See Acevedo*, 860 Fed. Appx. 604, 606 (11th Cir. 2021) (upholding admission of character evidence when used to prove identity); *Treminio v. Crowley Mar. Corp.*, No. 322CV00174CRKPDB, 2024 WL 382400, at *7 (M.D.

Fla. Feb. 1, 2024), reconsideration denied, No. 322CV00174CRKPDB, 2024 WL 1050514 (M.D. Fla. Mar. 11, 2024) (admitting character evidence to prove knowledge). However, Plaintiff cites no authority for the proposition that *modus operandi* evidence can be used to affirmatively establish participation in a venture at the motion to dismiss stage. Quite simply, Plaintiff's arguments on this point are nonsensical, irrelevant, and do nothing to establish that the Complaint plausibly alleges that CHA participated in her trafficking.

**D. Plaintiff Fails to State a Nuisance Claim Against Congress Hotel.**

Plaintiff's nuisance claims rely solely on conclusory allegations that fail to establish the elements of a nuisance claim. Under O.C.G.A. § 41-1-2, "[n]uisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals."

> i. *Plaintiff failed to plausibly allege entitlement to damages for public nuisance.*

A public nuisance "does not mean that the condition allegedly causing the [public] nuisance must have actually hurt or injured everyone in the area, but it does mean that it must injure those of the public who actually come in contact with it." *White v. Ga. Power Co.,* 265 Ga. App. 664, 668 (2004), citing *City of Douglasville v. Queen,* 270 Ga. 770, 774 (1999) ("A public nuisance exists if the act complained

of affects rights which are common to all within a particular area."). As such, a plaintiff asserting a claim for public nuisance must sufficiently plead that the alleged nuisance injures all or most people who come in contact with it. *See Doe v. St. Joseph's Catholic Church,* 357 Ga. App. 710, 717 (2020) (rev'd on other grounds).

Here, Plaintiff's Complaint fails to include sufficient factual allegations to substantiate her claim for public nuisance. Instead, she merely offers conclusory statements reciting the essential elements required to establish the existence of a public nuisance. Because the alleged harm Plaintiff suffered as a result of the identified nuisance was her victimization at the hands of sex traffickers, she must plausibly allege that everyone coming onto the Property would be harmed in this manner. To the contrary, Plaintiff's allegations affirmatively demonstrate that everyone coming onto the Property would not be harmed by the alleged nuisance. Plaintiff alleges that numerous individuals visited to the property either to purchase commercial sex or traffic victims. Doc. 1 at ¶¶ 7, 9, 14, 19, 23, and 25. Clearly, these individuals were not harmed by the alleged nuisance. The declarations of Brittney Moore ("Moore") and Linda Alvarez ("Alvarez") similarly demonstrate that the alleged nuisance did not harm all that came in contact with it. Specifically, the Complaint's allegations demonstrate that Moore and Alvarez were able to spend considerable amounts of time at the Property without suffering any injury. Moreover, Plaintiff's Complaint offers no factual allegation that CHA's operation

13

of the Property created a "blighting" effect on the surrounding area. As such, Plaintiff has failed to sufficiently plead a claim for public nuisance.

> ii. *Plaintiff failed to plausibly allege entitlement to damages for private nuisance.*

To state a claim for private nuisance, Plaintiff must plausibly allege that CHA created or maintained a continuous or regularly repeated act or condition on the Property that caused her injury. *Bethany Group, LLC v. Grobman,* 315 Ga. App. 298, 302 (2012). Here, Plaintiff has failed to do so because she failed to plausibly allege that sex trafficking at the hotel was continuous or regularly repeated. Setting aside Plaintiff's conclusory allegations on this issue, the Complaint merely alleges that an unspecified number of minors were trafficked at the Property in 2014. Doc. 1 at ¶ at 27. Plaintiff argues that her Complaint sets forth sufficient allegations of regularly repeated similar crimes on Defendant's property prior to Plaintiff's sex trafficking so as to create a viable private nuisance claim. Doc. 14 at 22. However, this generalized allegation does not establish that sex trafficking at the hotel was continuous or regularly repeated. As such, Plaintiff has failed to plausibly allege that CHA maintained a private nuisance.

> iii. *Plaintiff failed to plausibly allege nuisance per se.*

O.C.G.A. § 41-3-1 provides that:

> Whosoever shall knowingly erect, establish, continue, maintain, use,

> own, or lease any building, structure, or place for the purposes of sexually related charges shall be guilty of maintaining a nuisance; and the building, structure, or place, and the ground itself in or upon which such sexually related charges occurred or were conducted, permitted, carried on, continued, or shall exist, and the furniture, fixtures, and other contents of such building or structure shall be deemed to be a nuisance and may be enjoined or otherwise abated as provided in this chapter.

O.C.G.A. § 41-3-1(b).

"Sexually related charges" in this context refers only to violations of certain criminal statutes when returned in an indictment by a grand jury or "[f]iled as an accusation by a prosecuting attorney that results in a conviction, a plea of guilty under any first offender statute, a plea of nolo contendere, adjudication in an accountability court, or a dismissal as a result of successful completion of a pretrial diversion program." O.C.G.A. § 41-3-1(a). Here, Plaintiff makes no allegation that sexually related charges were brought against any entity or individual based on the specific criminal statutes enumerated in O.C.G.A. § 41-3-1(a). Instead, Plaintiff vaguely claims that she has "pled ample allegations" that CHA was permitting sex trafficking, public indecency, or prostitution on its premises and thus maintaining a nuisance. Doc. 14 24. As such, Plaintiff has failed to plausibly allege Congress Hotel's operation of the Property constituted nuisance *per se.*

## CONCLUSION

Based on the foregoing arguments and authority, CHA respectfully requests that this Court issue an ORDER granting its Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted this 21st day of February, 2025

| | |
|---|---|
| | /s/ Cameron A. Mobley |
| **LEWIS BRISBOIS BISGAARD & SMITH LLP** | CAMERON A. MOBLEY |
| | Georgia Bar No. 613048 |
| 600 Peachtree Street, Suite 4700 | |
| Atlanta, Georgia 30308 | *Attorney for Defendant Congress Hotel* |
| (404) 348-8585 | *of Atlanta, LLC d/b/a Congress Hotel &* |
| (404) 467-8845 Facsimile | *Suites* |
| Chuck.Reed@lewisbrisbois.com | |
| Cameron.Mobley@lewisbrisbois.com | |

## **RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: February 21, 2025.

/*s/ Cameron A. Mobley*\_\_\_\_\_

Cameron A. Mobley

Georgia Bar No. 613048

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2025, I electronically filed the foregoing *DEFENDANT CONGRESS HOTEL OF ATLANTA, LLC d/b/a CONGRESS HOTEL & SUITES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS* with the Clerk of Court using the CM/ECF filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Patrick J. McDonough
pmcdonough@atclawfirm.com
Tyler A. Dillard
tdillard@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
Jennifer M. Webster
jwebster@atclawfirm.com
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre 1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

*Attorneys for Plaintiff*

/s/ Cameron A. Mobley
CAMERON A. MOBLEY
Georgia Bar No. 613048

*Attorney for Congress Hotel of Atlanta, LLC d/b/a Congress Hotel & Suites*